I Waste time In in this particular case the appellant withdrew His request to appear to argue so we have only the Apple II arguing before us. You have 15 minutes. Mr Alamani, I don't think you got to use it all all the time, but we're glad to hear you Thank You may please the court Good morning. I'm John all the money. I'm here on behalf of Google the appellee in this case It's a unique situation for me, I've never I've never been here without the other side appearing I'm not it's like one hand clapping, right? Yes, and I'm not precisely sure how you'd like me to proceed I had planned to give perhaps a very short introduction maybe a minute or less. Well, let's see if there's any questions first I have a question on secondary consideration. So as I looked at the p-tabs decision on secondary considerations I saw that there was an initial finding of no nexus Based on Things like the fact that there were different versions of the rimfire software and that it wasn't clear Which version was which? Which one was being relied upon by the declarant in order to show a nexus? I noticed that in your brief You didn't really address that part of the p-tabs decision and you didn't defend the p-tab secondary consideration Determination based on that part of the decision and rather you relied on other parts of the decision for example showing Addressing individually industry praise or commercial success which occurs later in the opinion So I really just wanted to see if you were defending that part of the p-tabs decision or not Yes, we are defending that part of the p-tabs decision the p-tab relied in that portion of the decision Well back up the step the p-tab was Reviewing testimony regarding a document that summit six had produced exhibit 2010 and Dr. Kuliski who was the expert for summit six had testified that that document Illustrated each of the claim elements He further testified that that document reflected a commercial embodiment of the rimfire summit six product the portion of the of his testimony that the P-tab that the board reviewed was the portion of his testimony regarding whether or not the document reflected a commercial embodiment invention and The board found based on the evidence that it reviewed that it did not show a link It listed a number of items that Dr. Kuliski failed to know. He didn't know which versions of the exhibits we're referring to Of the three commercial embodiments that summit six talked about the real estate embodiment the eBay embodiment and the classifieds embodiment He didn't know which of the embodiments. How does that relate to Nexus? Can you just draw that to get put that together for me as it's not clear from the briefs? Absolutely, but summit six and made the argument that the commercial embodiment of their product encompassed all of the claimed elements and So dr. Kuliski was the support that they utilized in order to prove that and so his testimony was the basis that since each element was present Document then the commercial embodiment of room fire actually encompassed all the claim to mention elements however, he never tied that document exhibit 2010 to the commercial embodiment and so there was no presumption of Nexus and Then the board continued from there to look at the individual categories of secondary considerations that Summit six provided and looked at Nexus for each of those individual categories separately But they started the analysis by looking at whether or not there was a presumption of Nexus based on a commercial embodiment Encompassing all the claim limitations that presumption apply in the PTO does it apply to what does it apply in the P tab? That presumption. I think yes, it does apply to p-tab if if the if the patent owner can show that the claim to mention is Is The is embodied in the commercial product and they're co-extensive and yes The presumption would apply in the P tab and so any secondary considerations evidence that was directed towards that product Would would be subject to that presumption We ask you this this is one probably lawyers dream about getting but which ground of rejection is firmer the combination of Kramer and a Hera or the combination of mail and Niran I Would say in this case are equally strong the the grounds come at the invention from two different perspectives One from the camera the client device perspective the other one from a website, I think they're equally strong They both show all the elements The mail reference which is the postcard reference the Kramer reference Which is the digital camera reference both have all the elements of the independent claims We combine them together based on the very very close similarity between the two sets of references two pairs And there were expressed disclosures in each of the references that the board found would motivate one of skill near to combine them So I think in this particular case are equally strong The other questions, I thank you for your time consideration. Thank you. Thank you